# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| ERIK SALAIZ, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO. 23-CV-0163 |
| The PNC FINANCIAL SERVICES GROUP, INC. | § § § § | |
| *Defendants.* | § § | |

## DEFENDANT PNC BANK N.A.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant PNC Bank, N.A. ("PNC") (incorrectly named as "The PNC Financial Services Group, Inc."), files its Answer and Affirmative Defenses to Plaintiff Erik Salaiz's ("Plaintiff") Original Complaint (Doc. 1) (the "Complaint") and would respectfully show as follows:

## ANSWER

### Parties

1. PNC lacks information sufficient to respond to the allegations contained in Paragraph 1, therefore denies such allegations.

2. PNC denies that "PNC Financial Services Group, Inc." is the proper party before the court.

3. PNC denies the allegations contained in Paragraph 3.

### Jurisdiction and Venue

4. Paragraph 4 contains a statement of law to which no response is required. PNC is not challenging the jurisdiction of this court.

5. The first part of Paragraph 5 contains a conclusion of law to which no response is required. To the extent a response is required, PNC denies the allegations contained therein. Defendant denies the remaining allegations of Paragraph 5.

6. Paragraph 6 contains statements of law to which no response is required, to the extent a response is required, PNC denies such allegations.

7. Denied.

**The Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227**

8. Paragraph 8 the legislative history of the Telephone Consumer Protection Act ("TCPA") as described in S. Rep. No. 102-178, the contents of which speak for itself. PNC neither confirms nor denies the allegations contained in Paragraph 8.

9. Paragraph 9 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations to the extent they contradict the express provisions of the TCPA.

10. Paragraph 10 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations to the extent they contradict the express provisions of the TCPA.

11. Paragraph 11 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations to the extent they contradict the express provisions of the TCPA.

12. Paragraph 12 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations to the extent they contradict the express provisions of the TCPA.

13. Paragraph 13 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations to the extent they contradict 47 U.S.C. § 227(c)(5).

14. PNC denies the allegations contained in Paragraph 14.

15. Paragraph 15 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations to the extent they contradict the express provisions of the TCPA.

16. Paragraph 16 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations to the extent they contradict the express provisions of the TCPA.

17. Paragraph 17 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations to the extent they contradict the express provisions of the TCPA.

18. Paragraph 18 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations to the extent they contradict the express provisions of the TCPA.

19. Paragraph 19 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations to the extent they contradict the express provisions of the TCPA. Further, PNC objects to the applicability of the cited case law, and the conclusion that "a text message is a call" under the TCPA.

20. Paragraph 20 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations to the extent they contradict the express provisions of the TCPA.

**Factual Allegations**

21. PNC lacks knowledge sufficient to respond to the allegations contained in Paragraph 21, therefore denies such allegations.

22. PNC lacks knowledge sufficient to respond to the allegations contained in Paragraph 22, therefore denies such allegations.

23. PNC admits the allegations contained in Paragraph 23.

24. PNC denies the allegations contained in Paragraph 24.

25. Paraph 25 of the Complaint contains allegations regarding conduct not attributable to PNC. Therefore, responding on its own behalf, PNC denies the allegations contained in Paragraph 25.

26. Paraph 26 of the Complaint contains allegations regarding conduct not attributable to PNC. Therefore, responding on its own behalf, PNC denies the allegations contained in Paragraph 26.

27. Paraph 27 of the Complaint contains allegations regarding conduct not attributable to PNC. Therefore, responding on its own behalf, PNC denies the allegations contained in Paragraph 27.

28. Paraph 28 of the Complaint contains allegations regarding conduct not attributable to PNC. Therefore, responding on its own behalf, PNC denies the allegations contained in Paragraph 28.

29. Paraph 29 of the Complaint contains allegations regarding conduct not attributable to PNC. Therefore, responding on its own behalf, PNC denies the allegations contained in Paragraph 29.

30. Paraph 30 of the Complaint contains allegations regarding conduct not attributable to PNC. Therefore, responding on its own behalf, PNC denies the allegations contained in Paragraph 30.

31. PNC denies the allegations contained in Paragraph 31.

32. PNC denies the allegations contained in Paragraph 32.

33. PNC denies the allegations contained in Paragraph 33.

34. PNC admits that a plaintiff has filed at least one allegation under the TCPA in PNC's history.[1] PNC denies any such lawsuit has any legal merit.

35. PNC denies the allegations contained in Paragraph 35.

36. Paragraph 36 of the Complaint is not directed to PNC. Therefore, responding on its own behalf, PNC denies the allegations contained in Paragraph 36.

37. Paragraph 37 of the Complaint contains allegations regarding conduct that is not attributable to PNC. Therefore, responding on its own behalf, PNC denies the allegations contained in Paragraph 37.

38. Paragraph 38 of the Complaint contains allegations regarding conduct that is not attributable to PNC. Therefore, responding on its own behalf, PNC denies the allegations contained in Paragraph 38.

39. At this time, PNC lacks knowledge sufficient to respond to the allegations contained in Paragraph 39. Therefore, denied.

40. PNC is without sufficient information to admit or deny the allegations contained in Paragraph 40 of the Complaint. Therefore, to the extent a response is required, denied.

---

[1] Plaintiff has filed well over 60 different lawsuits against various entities using a near-identical complaint to the one currently before the Court.

41. Paragraph 41 of the Complaint is not directed to PNC. Therefore, responding on its own behalf, PNC denies the allegations contained in Paragraph 41.

42. Paragraph 41 of the Complaint is not directed to PNC. Therefore, responding on its own behalf, PNC denies the allegations contained in Paragraph 42 and specifically PNC denies Plaintiff's allegations PNC instructed any third-party to make calls to Plaintiff.

43. Paragraph 43 of the Complaint contains allegations regarding conduct that is not attributable to PNC. Therefore, responding on its own behalf, PNC denies the allegations contained in Paragraph 43.

44. Paragraph 44 of the Complaint contains allegations regarding conduct that is not attributable to PNC. Therefore, responding on its own behalf, PNC denies the allegations contained in Paragraph 44.

45. Paragraph 45 of the Complaint contains allegations regarding conduct that is not attributable to PNC. Therefore, responding on its own behalf, PNC denies the allegations contained in Paragraph 44. Specifically, PNC denies ever providing any third-party with instructions to make calls under a "fictitious company name."

46. Paragraph 46 of the Complaint contains allegations regarding conduct that is not attributable to PNC. Therefore, responding on its own behalf, PNC denies the allegations contained in Paragraph 46.

47. PNC is without sufficient information to admit or deny the allegations in Paragraph 47 of the Complaint. Therefore, denied.

48. PNC is without sufficient information to admit or deny the allegations in Paragraph 48 of the Complaint. Therefore, denied.

49. Paragraph 49 of the Complaint contains allegations regarding conduct that is not attributable to PNC. Therefore, responding on its own behalf, PNC denies Paragraph 49.

50. PNC is without sufficient information to admit or deny the allegations in Paragraph 50 of the Complaint. Therefore, denied.

51. PNC is without sufficient information to admit or deny the allegations in Paragraph 51 of the Complaint. Therefore, denied.

52. PNC is without sufficient information to admit or deny the allegations in Paragraph 52 of the Complaint. Therefore, denied.

53. PNC is without sufficient information to admit or deny the allegations in Paragraph 53 of the Complaint. Therefore, denied.

54. PNC is without sufficient information to admit or deny the allegations in Paragraph 54 of the Complaint. Therefore, denied.

55. PNC is without sufficient information to admit or deny the allegations in Paragraph 55 of the Complaint. Therefore, denied.

56. Paragraph 56 of the Complaint contains allegations regarding conduct that is not attributable to PNC. Therefore, responding on its own behalf, PNC denies Paragraph 56. Specifically, PNC denies Plaintiff was ever contacted by or transferred to an agent of PNC.

57. Paragraph 57 of the Complaint contains allegations regarding conduct that is not attributable to PNC. Therefore, responding on its own behalf, PNC denies Paragraph 57.

58. Paragraph 58 of the Complaint contains allegations regarding conduct that is not attributable to PNC. Therefore, responding on its own behalf, PNC denies Paragraph 58. Specifically, PNC denies its agents contacted Plaintiff and instructed him to enter information into PNC's system.

59. PNC denies the allegations contained in Paragraph 59.

60. PNC denies the allegations contained in Paragraph 60. Specifically, PNC denies any connection with the alleged John Doe, or that PNC hired John Doe generate new customer leads or procure business on its behalf.

61. Paragraph 61 of the Complaint contains allegations that are not attributable to PNC. Therefore, responding on its own behalf, PNC denies Paragraph 61. Specifically, PNC denies it is responsible for any alleged calls.

62. Paragraph 62 of the Complaint contains allegations regarding conduct that is not attributable to PNC. Therefore, responding on its own behalf, PNC denies the allegations in Paragraph 62.

63. Paragraph 63 contains allegations regarding conduct that is not attributable to PNC. Therefore, responding on its own behalf, PNC denies Paragraph 63.

64. Paragraph 64 contains allegations regarding conduct that is not attributable to PNC. Therefore, responding on its own behalf, PNC denies Paragraph 64. Specifically, PNC denies it relies on John Doe to make telemarketing calls, or that PNC instructs John Doe to make calls within the "Do Not Call Registry."

65. PNC denies the allegations contained in Paragraph 65.

66. PNC denies the allegations contained in Paragraph 66.

67. PNC lacks knowledge sufficient to respond to the allegations contained in Paragraph 67, therefore denies such allegations.

68. PNC lacks knowledge sufficient to respond to the allegations contained in Paragraph 68, therefore denies such allegations.

69. PNC lacks knowledge sufficient to respond to the allegations contained in Paragraph 69, therefore denies such allegations.

70. PNC denies the allegations contained in Paragraph 70, including Table A.

71. PNC denies the allegations contained in Paragraph 71.

72. PNC denies the allegations contained in Paragraph 72.

73. Paragraph 73 of the Complaint is not directed to PNC. Therefore, responding on its own behalf, PNC denies the allegations in Paragraph 73.

74. PNC denies the allegations contained in Paragraph 74.

75. PNC denies the allegations contained in Paragraph 75.

76. PNC denies the allegations contained in Paragraph 76.

77. PNC denies the allegations contained in Paragraph 77.

78. PNC admits it did not train John Doe, as John Doe is not an employee, agent, or other affiliate of PNC. PNC denies the remainder of Paragraph 78, to the extent it suggests or otherwise implies PNC had any relationship with John Doe.

79. PNC admits it did not provide John Doe with any policies or procedures, as John Doe is not an employee, agent, or other affiliate of PNC. PNC denies the remainder of Paragraph 79, to the extent it suggests or otherwise implies PNC had any relationship with John Doe.

80. Paragraph 80 contains conclusions of law to which no response is required. To the extent a response is required, PNC denies such allegations.

81. PNC lacks knowledge sufficient to respond to the allegations contained in Paragraph 81, therefore denies such allegations.

## Vicarious Liability of Defendant PNC

82. Paragraph 82 contains conclusions of law to which no response is required. To the extent a response is required, PNC denies such allegations.

83. Paragraph 83 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations.

84. Paragraph 84 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations.

85. Paragraph 85 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations.

86. Paragraph 86 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations.

87. Paragraph 87 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations.

88. Paragraph 88 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations.

89. Paragraph 89 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations.

90. Paragraph 90 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations.

91. PNC denies the allegations contained in Paragraph 91.

92. PNC denies the allegations contained in Paragraph 92.

93. PNC denies the allegations contained in Paragraph 93.

94. PNC denies the allegations contained in Paragraph 94.

95. PNC denies the allegations contained in Paragraph 95.

96. PNC denies the allegations contained in Paragraph 96.

97. PNC denies the allegations contained in Paragraph 97.

98. PNC denies the allegations contained in Paragraph 98.

99. PNC denies the allegations contained in Paragraph 99.

100. Paragraph 100 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations.

101. Paragraph 101 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations.

102. Paragraph 102 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations.

103. PNC denies the allegations contained in Paragraph 103.

104. Paragraph 104 contains statements of law to which no response is required. To the extent a response is required, PNC denies such allegations.

105. PNC denies the allegations contained in Paragraph 105.

**Injury, Harm, Damages, and Actual Damages, As a Result of the Calls**

95. PNC denies the allegations contained in Paragraph 95.[2] PNC further denies Plaintiff suffered any type of damages, actual or otherwise.

96. PNC denies the allegations contained in Paragraph 96.

97. PNC denies the allegations contained in Paragraph 97.

---

[2] The numbering of the Paragraphs in the Complaint reverts back to No. 95. PNC's responses will follow the Numbering as provided in the Complaint.

98. PNC is without sufficient information to admit or deny the allegations in Paragraph 98. To the extent a response is required, PNC denies the injuries pled by Plaintiff and demands strict proof thereof.

### The Plaintiff's Cell Phone is a Residential Number

99. PNC lacks knowledge sufficient to respond to the allegations contained in Paragraph 99, therefore denies such allegations.

### Violations of the Texas Business and Commerce Code 305.053

100. Paragraph 100 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, PNC denies the allegations contained in Paragraph 100.

101. Paragraph 101 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, PNC denies the allegations contained in Paragraph 101.

### Causes of Action. Count One
### Violations of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), by Automated Telemarketing Without Prior Express Written Consent.

102. PNC realleges and incorporates herein all the responses in the foregoing Paragraphs of its Answer.

103. Paragraph 103 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

104. Paragraph 104 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

105. Paragraph 105 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent a response is required, PNC denies Plaintiff is entitled to any relief and demands strict proof thereof.

106. Paragraph 106 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent a response is required, PNC denies Plaintiff is entitled to any relief and demands strict proof thereof.

## Causes of Action. Count Two
### Violation of the TCPA "Sales Call/DNC" Prohibition, 47 C.F.R. § 64.1200

107. PNC realleges and incorporates herein all the responses in the foregoing Paragraphs of its Answer.

108. Paragraph 108 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

109. Paragraph 109 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

110. Paragraph 110 contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

111. Paragraph 111 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent a response is required, PNC denies Plaintiff is entitled to any relief and demands strict proof thereof.

## Causes of Action. Count Three
### Violations of the Texas Business and Commerce Code 305.053

112. PNC realleges and incorporates herein all the responses in the foregoing Paragraphs of its Answer. PNC specifically denies it engaged in any violation of the Texas Business and Commerce Code.

113. Paragraph 113 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent a response is required, denied.

114. Paragraph 114 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent a response is required, PNC denies Plaintiff is entitled to the relief sought therein.

115. Paragraph 115 of the Complaint contains conclusions of law to which no responsive pleading is required. To the extent a response is required, PNC denies Plaintiff is entitled to any relief and demands strict proof thereof.

**Prayer for relief**

Plaintiff's prayer for relief in Paragraphs (A) – (I) following the Paragraph titled "WHEREFORE" is a legal statement to which no response is required. To the extent a pleading is required, PNC deny that Plaintiff is entitled to any relief and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

Having answered the allegations set forth in the Complaint, PNC generally states that Plaintiff has failed to identify any relationship between John Doe and PNC giving rise to any wrongdoing attributable to PNC. Further, Plaintiff has no viable cause of action. PNC asserts the following defenses.

**FIRST DEFENSE**

PNC has complied with all requirements of federal and state laws. Therefore, Plaintiff's claims are barred, in whole or in part.

**SECOND DEFENSE**

Plaintiff's claims are barred because PNC did not actually or proximately cause Plaintiff any harm and/or damages.

## THIRD DEFENSE

Any acts, statements, representations or omissions by persons or entities other than PNC that caused any damaged to Plaintiff, which PNC does not concede, were not authorized by PNC and were not performed or give with actual, implied, or apparent authority of PNC. Alternatively, Plaintiff is not entitled to recover from PNC because his damages, if any, were caused by the acts or omissions of others for which PNC has no responsibility.

## FOURTH DEFENSE

To the extent that Plaintiff alleges that any conduct of PNC was willful or intentional, PNC specifically denies such allegations.

## FIFTH DEFENSE

Plaintiff's claims are barred because PNC has committed no act or omission with malice, bad faith, or intent to cause harm, injury, or other damage to Plaintiff.

## SIXTH DEFENSE

Defendants contest the nature and amounts of Plaintiffs' alleged damages.

## SEVENTH DEFENSE

PNC did not breach any legal duty or obligation as described in the Complaint.

## EIGHTH DEFENSE

PNC did not breach any legal duty or obligation as described in the Complaint.

## NINTH DEFENSE

PNC has sufficient procedures in place to prevent calling DNC numbers in accordance with 47 C.F.R. § 64.1200(c)(2)(i).

**TENTH DEFENSE**

The Complaint is barred, in whole or in part, by the doctrines of contributory negligence or comparative negligence of Plaintiff because he could have taken multiple actions to mitigate damages or assist in correction but chose not to.

**ELEVENTH DEFENSE**

The machine that initiated the alleged calls does not qualify as an ATDS.

**TWELFTH DEFENSE**

PNC is not vicariously liable for the actions of John Doe.

**THIRTEENTH DEFENSE**

Plaintiff's claims may be subject to waiver, laches, or release.

Respectfully submitted,

**Bradley**

By: */s/ Jessie Manzewitsch*
**JON H. PATTERSON**
Texas Bar No. 24077588
jpatterson@bradley.com
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Telephone: (205) 521-8403
Fax: (205) 488-6403

**GABRIELLA E. ALONSO**
Texas Bar No. 24113527
galonso@bradley.com
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9821
Facsimile: (214) 939-8787

**JESSIE R MANZEWITSCH PULERO**
Texas Bar No. 24125659
jmanzewitsch@bradley.com
600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier
***ATTORNEYS FOR PNC BANK, N.A.***

**CERTIFICATE OF SERVICE**

I certify that on this 15th day of May 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following counsel of record:

**Via email and U.S. Mail: salaiz.ep@gmail.com**
Erik Salaiz
319 Valley Fair Way
El Paso, Texas 79907
(915) 490 0898


*/s/ Jessie Manzewitsch*
Jessie Manzewitsch