IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ERIK SALAIZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 23-CV-0163 |
| | § | |
| The PNC FINANCIAL SERVICES GROUP, INC. | § | |
| | § | |
| *Defendants.* | § | |

## JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

Plaintiff Erik Salaiz ("Plaintiff") and Defendant The PNC Financial Services Group, Inc. ("PNC") jointly file this Report pursuant to Federal Rule of Civil Procedure 26(f), local Rule CV-16(c)–(d), and this Court's Order (Doc. 5), and would respectfully show as follows:

## BRIEF STATEMENTS OF FACT

This Court has ordered the parties to provide a short statement of the facts that form the basis of the plaintiff's claims and that form the basis of the defendant's defenses.[1]

### Plaintiff's Statement of Facts:

Plaintiff received at least nine (9) unauthorized phone calls to his personal cell phone (915) 490-0898 from telemarketers soliciting mortgage loan services on behalf of Defendant The PNC Financial Services Group, Inc. ("PNC"). Plaintiff advised the telemarketers multiple times that Plaintiff was not interested. With information and belief, the telemarketers that made the alleged

---

[1] *See* Doc. 5. Each side's statement of facts shall be no longer than one page with type double-spaced.

4875-7657-7642.1

calls to Plaintiff on behalf of Defendant PNC are based outside of the United States. Plaintiff did not give his prior express written consent to receive any of the alleged calls.

**Defendant PNC's Statement of Facts:**

Plaintiff brings suit under the Telephone Consumer Protection Act 47 U.S.C. § 227 alleging PNC "hired and instructed an anonymous offshore telemarketer to make phone calls on behalf of [PNC] to tele solicit their mortgage loan services."[2] PNC has not made any phone calls to Plaintiff, nor has it instructed another party to make phone calls on its behalf, much less unsolicited phone calls. Further, PNC does not contract with outside entities to make phone calls on its behalf. PNC has no relationship with codefendant John Doe, and it is not responsible for any of its actions. PNC has no relationship with any other "offshore telemarketing companies," and has not instructed any person or entity to make phone calls at its instruction, direction, and oversight.

At this time PNC continues to investigate the facts underlying Plaintiff's Complaint and reserves the right to amend its statement should new information be uncovered.

---

[2] *See* Doc. 1 Original Compl. at ¶.

1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

**Plaintiff's Response:**

Plaintiff sued Defendant PNC alleging telephone solicitation phone calls in violation of 47 U.S.C. § 227(b), 47 U.S.C. § 227(c), and the Tex. Bus. Com. Code 305.053.

Plaintiff alleges Defendant PNC is liable for all the phone calls placed to Plaintiff's cellular telephone by third-party sellers on behalf of Defendant PNC to Plaintiff's cellular telephone.

**Defendant PNC's Response:**

PNC asserts the following defenses:

    a. PNC has complied with all requirements federal and state law requirements.

    b. PNC did not actually or proximately cause Plaintiff any harm and/or damages.

    c. Any acts, statements, representations or omissions by persons or entities other than PNC that caused any damaged to Plaintiff, which PNC does not concede, were not authorized by PNC and were not performed or give with actual, implied, or apparent authority of PNC. Alternatively, Plaintiff is not entitled to recover from PNC because his damages, if any, were caused by the acts or omissions of others for which PNC has no responsibility.

    d. To the extent that Plaintiff alleges that any conduct of PNC was willful or intentional, PNC specifically denies such allegations.

    e. Plaintiff's claims are barred because PNC has committed no act or omission with malice, bad faith, or intent to cause harm, injury, or other damage to Plaintiff.

    f. Defendants contest the nature and amounts of Plaintiffs' alleged damages.

    g. PNC did not breach any legal duty or obligation as described in the Complaint.

  h. PNC did not breach any legal duty or obligation as described in the Complaint.

  i. PNC has sufficient procedures in place to prevent calling DNC numbers in accordance with 47 C.F.R. § 64.1200(c)(2)(i).

2. Are there any outstanding jurisdictional issues?

**<u>Plaintiff's Response</u>:**

There are no outstanding jurisdictional issues at this time.

**<u>Defendant PNC's Response</u>:** There are no outstanding jurisdictional issues present.

  a. For removed cases based on diversity jurisdiction: Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

  **<u>Joint Response</u>:** This question is not applicable for the case at hand. The present matter is before this court pursuant to 28 U.S. Code § 1331.

  b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists?

  **<u>Joint Response</u>:** This question is not applicable for the case at hand. The present matter is before this court pursuant to 28 U.S. Code § 1331.

3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

**Plaintiff's Response:**

Defendant PNC is the only known Defendant to Plaintiff at his time. Plaintiff will ask the court for leave to amend the complaint once John Doe telemarketer's identity is revealed during discovery and if John Doe telemarketer is based inside the United States jurisdiction.

**Defendant PNC's Response:** PNC believes co-Defendant John Doe has not yet been served. It is PNC's position all damages and actions alleged in the Complaint are solely attributable to Defendant John Doe.

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

**Plaintiff's Response:**

The parties have not yet reached any agreements or stipulations about the facts in this case or any element in the cause of action but will attempt to narrow the issues as discovery progresses.

**Defendant PNC's Response:** None at this time. PNC entirely disagrees with Plaintiff's description of events, and all allegations of conduct attributable to PNC are inaccurate.

5. Are there any legal issues in this case that can be narrowed by agreement or by motion?

**Plaintiff's Response:** None at this time.

**Defendant PNC's Response:** None at this time.

6. Are there any issues about preservation of discoverable information?

**Plaintiff's Response:** None at this time.

**Defendant PNC's Response:** None at this time.

7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?

**Plaintiff's Response:**

At this time, there are no issues about disclosure or discovery or electronically stored information. The Parties agree such disclosure and exchange of discover can be done via e-mail in the file's original format unless otherwise agreed.

**Defendant PNC's Response:** At this time, there are no issues about disclosure or discovery or electronically stored information. The Parties agree such disclosure and exchange of discovery can be done via e-mail in the file's original format unless otherwise agreed.

8. What are the subjects on which discovery may be needed?

**Plaintiff's Response:**

The phone calls Plaintiff allegedly received, Nature of Defendant PNC's business and services, Relationships and contracts between Defendant PNC and third-party telemarketers, Individual liability of Defendant PNC, Vicarious liability of Defendant PNC, Use of third-party telemarketers by Defendant PNC, Plaintiff's consent to receive the alleged phone calls.

**Defendant PNC's Response:** The scope of anticipated discovery will cover all information and documents related to the alleged phone calls Plaintiff received, including but not limited to

Plaintiff's telephone carrier information, call logs, telephone account information, proof of ownership of the line, and all available recordings of the alleged phone calls.

9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

**Plaintiff's Response:**

Initial disclosures have not yet been made. No changes should be made in the form or requirement for initial disclosures. The parties agree that initial disclosures should be made by June 28, 2023.

**Defendant PNC's Response:** Initial disclosures have not yet been made. The parties have stipulated initial discovery should be served by June 28, 2023. Beyond this stipulation, the parties propose completion of discovery in accordance with the Agreed Scheduling Recommendations.[3]

10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

**Plaintiff's Response:**

No discovery has been done at this time.

**Defendant PNC's Response:** No discovery has been done at this time. The parties propose completion of discovery in accordance with the Agreed Scheduling Recommendations. The parties

---

[3] Filed contemporaneously with this Joint Rule 26(f) Report.

4875-7657-7642.1

agree to mutual electronic service of discovery documents. Otherwise, the parties do not have any suggested changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure.

11. What, if any, discovery disputes exist?

**Plaintiff's Response:**

None at this time.

**Defendant PNC's Response:** None, at this time.

12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

**Plaintiff's Response:**

The parties do not anticipate a proposed order pursuant to Fed. R. Evid. 502 will be necessary in this case.

**Defendant PNC's Response:** At this time, the parties do not anticipate the need for any agreements relating to asserting claims of privilege or preserving discoverable information, including electronically stored information, or any agreements under Fed. R Evid. 502.

13. Have the parties discussed early mediation?

**Plaintiff's Response:**

The Parties have not discussed mediation.

**Defendant PNC's Response:** The Parties have not discussed mediation.

14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?

**Plaintiff's Response:**

None at this time.

**Defendant PNC's Response:** None at this time.

Respectfully submitted,

By: /s/ *Erik Salaiz*  AND
**ERIK SALAIZ**
*Pro se Plaintiff*
319 Valley Fair Way
El Paso, Texas 79907
915-490-0898
Salaiz.ep@gmail.com



By: */s/ Jessie Manzewitsch*
**JON H. PATTERSON**
Texas Bar No. 24077588
jpatterson@bradley.com
1819 Fifth Avenue North
Birmingham, Alabama 35203-2104
Telephone: (205) 521-8403
Fax: (205) 488-6403

**GABRIELLA E. ALONSO**
Texas Bar No. 24113527
galonso@bradley.com
1445 Ross Avenue, Suite 3600
Dallas, Texas 75202
Telephone: (214) 257-9821
Facsimile: (214) 939-8787

**JESSIE R MANZEWITSCH PULERO**
Texas Bar No. 24125659
jmanzewitsch@bradley.com
600 Travis Street, Suite 4800
Houston, Texas 77002
(713) 576-0300 Telephone
(713) 576-0301 Telecopier
***ATTORNEYS FOR PNC BANK, N.A.***

**CERTIFICATE OF SERVICE**

      I certify that on this 14th day of June 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following counsel of record:

**Via email and U.S. Mail: salaiz.ep@gmail.com**
Erik Salaiz
319 Valley Fair Way
El Paso, Texas 79907
(915) 490 0898


          */s/ Jessie Manzewitsch*
          Jessie Manzewitsch